UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARICELA PICAZO PACHECO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HOME DEPOT U.S.A., INC., et al.,<br><br>　　　　Defendants. | Case No. 24-cv-05590-EKL<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 9 |

Plaintiff Maricela Picazo Pacheco originally filed this action in Monterey County Superior Court, claiming that she sustained injuries from a slip-and-fall incident at a Home Depot store in Salinas, California. Compl. at 5, ECF No. 1-1 ("Compl."). The complaint alleges two California state law claims for premises liability and negligence against Defendants Home Depot U.S.A., Inc. ("Home Depot") and Loretta Souza ("Souza"), a Home Depot employee who works at the Salinas store. Home Depot removed the action to this Court on the basis of diversity jurisdiction. Notice of Removal at 2, ECF No. 1. Plaintiff moves to remand the action to state court for lack of diversity jurisdiction because she and Souza are both citizens of California. Mot. to Remand at 6, ECF No. 9 ("Motion"). Defendants oppose remand, arguing that the Court should ignore Souza's California citizenship because Souza was fraudulently joined as a "sham defendant" to "destroy diversity." Opp. at 1, 3-5, ECF No. 16 ("Opp.").

After carefully reviewing the parties' briefs and declarations, the Court determined that this matter is suitable for decision without oral argument. *See* Civil L.R. 7-1(b). For the following reasons, the Court GRANTS Plaintiff's motion to remand and request for attorney's fees.

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When an action is originally filed in state court, "[a] defendant may remove [it] to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). But there is a "'strong presumption' against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Consistent with these principles and with reverence for state courts, federal courts resolve "all ambiguity in favor of remand." *Hunter*, 582 F.3d at 1042.

Removal based on diversity jurisdiction "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001). However, the court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). In the Ninth Circuit, there are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 548 (quoting *Hunter*, 582 F.3d at 1044).

Under the second approach to establishing fraudulent joinder, the defendant must "show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also McCabe v. Gen. Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that a plaintiff's failure to state a claim must be "obvious according to the settled rules of the state"). Significantly, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Grancare*, 889 F.3d at 549. If the plaintiff fails to plausibly state a claim, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550.

2

A defendant asserting fraudulent joinder "bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder,'" which is consistent with the "strong presumption" against removal jurisdiction. *Id.* at 548 (quoting *Hunter*, 582 F.3d at 1046). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "And while the party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined, in many cases, the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare*, 889 F.3d at 549 (citations omitted).

## II. DISCUSSION

### A. Souza Was Not Fraudulently Joined.

Home Depot argues that Souza was fraudulently joined for two reasons. First, "there is no possibility that Plaintiff can state a claim under any law" against Souza. Opp. at 4-6. Second, Souza is not a required party because she was acting as an employee of Home Depot, and Home Depot will be liable for any injury Souza might have caused Plaintiff. Opp. at 6-9. From this premise, Home Depot infers that Souza is a "sham defendant whose sole purpose is to defeat diversity." Opp. at 1. The Court takes these arguments in turn.

#### 1. Defendants fail to establish that Souza cannot be liable for Plaintiffs' alleged injuries.

Home Depot has not established by clear and convincing evidence that Souza "cannot be liable on any theory" for Plaintiff's alleged injuries. *Ritchey*, 139 F.3d at 1318. Plaintiff asserts negligence and premises liability, which share the same elements: "a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Ct.*, 1 Cal. 5th 1132, 1158 (2016). For premises liability, "mere possession with its attendant right to control conditions on the premises is a sufficient basis for the imposition of an affirmative duty to act." *Id.* (quoting *Preston v. Goldman*, 42 Cal. 3d 108, 118 (1986)).

To be sure, Plaintiff's allegations are meager and generalized, but the theory of liability is a familiar one: Plaintiff alleges that she "was seriously injured when she slipped and fell on Defendant's premises due to unsafe conditions." Compl. at 5. She further alleges "negligent

hiring, entrustment, retention, appointment, selection, training, and/or supervising of those persons responsible for" the slip-and-fall incident. *Id*. Home Depot argues that these allegations are "entirely vague and unspecific," and that the "only specific allegation against Ms. Souza" is included in allegations against "Defendants" generally without identifying Souza's particular role. Opp. at 9. But this argument goes "to the sufficiency of the complaint, rather than to the possible viability" of Plaintiff's claims. *Grancare*, 889 F.3d at 552; *see also id.* ("alleging misconduct against all defendants collectively" does not establish fraudulent joinder). Although Plaintiff's allegations may not presently state a claim, Home Depot has not shown that pleading deficiencies cannot "possibly be cured by granting the plaintiff leave to amend." *Id.* at 550.

Home Depot points to Souza's declaration, which states that she (1) "was not working" at the store on the day of the incident, (2) "did not observe" the allegedly unsafe condition, and (3) has "no personal knowledge" of the incident. *See* Souza Decl. ¶¶ 4-6, ECF No. 16-2. But "a denial, even a sworn denial, of allegations does not prove their falsity." *Grancare*, 889 F.3d at 551; *see also Berryhill v. Costco Wholesale Corp.*, No. 2:23-cv-00315 WBS AC, 2023 WL 3302869, at *2 (E.D. Cal. May 8, 2023) ("[A] self-serving declaration written by the defendant in question hardly qualifies as the 'extraordinarily strong evidence' required to prove fraudulent joinder." (quoting *Grancare*, 889 F.3d at 548)). Indeed, courts have remanded slip-and-fall cases despite similar declarations from store managers. *See, e.g.*, *Berryhill*, 2023 WL 3302869, at *2 (remanding despite store manager's declaration that she "was not present on the premises at the time of plaintiff's injury"); *Nieves v. Costco Wholesale Corp.*, No. 3:22-cv-00977-JD, 2022 WL 5199904, at *2-3 (N.D. Cal. Oct. 5, 2022) (remanding despite store manager's declaration that she "was on vacation on the day of the incident and thus lacked control over the store").[1]

Souza admits that she was "employed at the Home Depot store" in Salinas during the time of the incident in January 2023, Souza Decl. ¶ 2, and Home Depot does not dispute that Souza worked as the store's manager. Home Depot offers no legal authority that categorically precludes

---

[1] *Cf. Arguelles v. Costco Wholesale Corp.*, No. 24-cv-04199-RS, 2024 WL 4579602, at *3 (N.D. Cal. Oct. 24, 2024) (finding clear and convincing evidence of fraudulent joinder because sworn declaration established that the manager "was not even employed" at the store where plaintiff was injured and thus had no control over the store).

4

1  a store manager from premises liability just because the manager was not physically present at the
2  time of the incident.  Thus, Souza's declaration falls short of clear and convincing evidence that
3  Souza "cannot be liable on any theory" for Plaintiff's alleged injuries.  *Ritchey*, 139 F.3d at 1318.

### 2. Plaintiff's purpose for joining Souza is irrelevant.

5  Home Depot argues that Plaintiff's "sole purpose" in naming Souza as a defendant must
6  be "to defeat diversity" because Home Depot will bear liability for Souza's actions if she is found
7  liable.  Home Depot is correct that California law requires employers to indemnify an employee
8  "for all necessary expenditures or losses incurred by the employee in direct consequence of the
9  discharge of his or her duties, or of his or her obedience to the directions of the employer, even
10 though unlawful, unless the employee, at the time of obeying the directions, believed them to be
11 unlawful."  Cal. Labor Code § 2802(a).  But "[s]ection 2802 is not a doctrine of immunity," and
12 whether Home Depot "has a duty to defend and indemnify [Souza] has no bearing on whether she
13 may or may not, under settled California law, be held liable."  *Davis v. Wal-Mart Stores, Inc.*,
14 No. 2:16-cv-9480-JFW (AJWx), 2017 WL 499595, at *5 (C.D. Cal. Feb. 6, 2017).  The relevant
15 question is whether Souza could be liable, and section 2802(a) does not preclude Souza's liability.
16 More fundamentally, Home Depot's argument misses the mark because Plaintiff's purpose
17 for joining Souza is not relevant to the fraudulent joinder inquiry.  In *Ulleseit v. Bayer Healthcare
18 Pharmaceuticals Inc.*, the Ninth Circuit rejected the same argument that Home Depot makes here.
19 Nos. 19-15778, 19-15782, 2021 WL 6139816 (9th Cir. Dec. 29, 2021).  In *Ulleseit*, Bayer argued
20 that plaintiffs' joinder of non-diverse defendants was fraudulent because "objective evidence
21 shows that plaintiffs [did] not intend to pursue a judgment against [them]."  *Id*. at *2.  The Ninth
22 Circuit rejected this argument and observed that it was unaware of "any case in this circuit
23 permitting a finding of fraudulent joinder on that basis."  *Id*.; *see also Albi v. Street & Smith
24 Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944); *Geisse v. Bayer HealthCare Pharms. Inc.*, No. 17-cv-
25 07026-JD, 2019 WL 1239854, at *3 (N.D. Cal. Mar. 18, 2019) ("A plaintiff's motives for joining
26 a defendant play no role in the fraudulent joinder tests" applied by the Ninth Circuit.).
27 Home Depot's emphasis on Plaintiff's intent confuses the standard for fraudulent joinder
28 with the standard for *post-removal* joinder of non-diverse defendants under 28 U.S.C. § 1447(e).

5

1  The fraudulent joinder inquiry at issue here addresses the threshold question of whether a district
2  court has subject matter jurisdiction in the first place.  When evaluating fraudulent joinder, courts
3  apply a strong presumption in favor of remand, consistent with the principle that federal courts are
4  courts of limited jurisdiction.  By contrast, the post-removal joinder inquiry addresses
5  circumstances where a federal court already has subject matter jurisdiction, and the plaintiff seeks
6  to add a non-diverse defendant who would deprive the court of jurisdiction.  When evaluating
7  post-removal joinder under 28 U.S.C. § 1447(e), a court has discretion to "deny joinder, or permit
8  joinder and remand the action to State court" based on factors including whether the defendant is a
9  "required party" under Rule 19, and "whether joinder is intended solely to defeat federal
10 jurisdiction."  *See Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 657-58 (S.D. Cal. 2000).
11 These factors simply do not influence the fraudulent joinder inquiry.

12 Home Depot argues that several courts have held that "naming individual managers in
13 actions against retail defendants should be disallowed when doing so would defeat diversity."
14 Opp. at 6.  But those cases address post-removal joinder.  *See* Opp. at 6-9.  For example, in
15 *Calderon v. Lowe's Home Centers, LLC*, the plaintiff amended the complaint to add a store
16 manager defendant after the case was removed to federal court.  No. 2:15-cv-01140-ODW-AGR,
17 2015 WL 3889289, at *1, *3 (C.D. Cal. June 24, 2015).  The court concluded that the amendment
18 was improper because the plaintiff had "nothing to gain from joining [the manager] except for
19 defeating diversity."  *Id*. at *4, *5.  In *Rojas v. Sea World Parks*, the plaintiff sued Sea World and
20 an unidentified Sea World employee as a "Doe defendant."  538 F. Supp. 3d 1008, 1014 (S.D. Cal.
21 2021).  The court reasoned that post-removal substitution of the Doe defendant for a true
22 defendant "logically can only serve to destroy diversity" because Sea World would be responsible
23 for the employee's actions.  *Id*. at 1028.  Thus, the court concluded that the plaintiff lacked "a true
24 intent to obtain a judgment against" the employee Doe defendant.  *Id*. at 1028.[2]

---

[2] *See also Gastelo v. Portables Choice Grp., LLC*, No. 2:23-cv-07335-CAS (AJRx), 2023 WL 7327433, at *3, *6 (C.D. Cal. Nov. 6, 2023) (denying post-removal joinder of non-diverse employee defendant); *Leyba v. Walmart, Inc.*, No. 2:20-cv-07604-ODW (Ex), 2021 WL 8893640, at *3 (C.D. Cal. Feb. 2, 2021) (same); *Robinson v. Lowe's Home Ctrs., LLC*, No. 1:15-cv-1321-LJO-SMS, 2015 WL 13236883, at *4-6 (E.D. Cal. Nov. 13, 2015) (same); *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 604, 607-09 (S.D. Cal. 2014) (same); *Kelly v. SMG Holdings,*

1    In sum, Home Depot has failed to show by clear and convincing evidence that Souza could not be liable on any theory for Plaintiff's alleged injuries.  Moreover, Plaintiff's purpose for naming Souza as a defendant is not relevant to whether the Court has subject matter jurisdiction over this action.  The Court lacks diversity jurisdiction, and the action must be remanded to state court.[3]

**B.    Home Depot Lacked an Objectively Reasonable Basis for Removal.**

Plaintiff seeks attorney's fees "expended in association with this Motion."  Mot. at 23.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "[T]he degree of clarity in the relevant law at the time of removal is a relevant factor in determining whether a defendant's decision to remove was reasonable."  *Grancare* at 552.

Here, Home Depot lacked an objectively reasonable basis for removal because "numerous cases" have rejected "nearly identical fraudulent joinder arguments involving store managers in slip-and-fall premises liability cases."  *Berryhill*, 2023 WL 3302869, at *3 (awarding attorney's fees).  Home Depot's argument for removal contravenes the great weight of authority, including the Ninth Circuit's decisions in *Ulleseit* and *Albi*, and rests on an incorrect legal standard that applies to post-removal joinder, not fraudulent joinder.  Under these circumstances, Home Depot's position was not reasonable.  *Cf. Grancare*, 889 F.3d at 552 (concluding that defendant "had a

---

*Inc.*, No. 14-08306 MMM (PLAx), 2015 WL 13652713, at *2, *8 (C.D. Cal. Mar. 9, 2015) (granting post-removal joinder).

[3] Home Depot also argues that Federal Rule of Civil Procedure 21 authorizes the Court to dismiss Souza to "cure the diversity of citizenship defect."  Opp. at 4.  But Rule 21 is not properly used "to keep a case involving a pure question of state law, with citizens of California on both sides of the dispute," in federal court.  *Zee Med. Distrib. Ass'n, Inc. v. Zee Med., Inc.*, 23 F. Supp. 2d 1151, 1158 (N.D. Cal. 1998).  Dismissing Souza to manufacture diversity jurisdiction would also be inconsistent with principles of federalism and the strong presumption against removal jurisdiction.

7

reasonable basis for relying on" an incorrect legal standard where "no appellate decision in this circuit had yet clarified" the standard).

Plaintiff requests $4,050 in fees, reflecting counsel's nine hours of work on the Motion billed at a rate of $450 per hour. Aghamalyan Decl. ¶ 14, ECF No. 9-1. Based on the Court's experience, Plaintiff's request appears reasonable. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (in determining a fee award, district courts may rely on "their own knowledge of customary rates and their experience concerning reasonable and proper fees"). Accordingly, the Court GRANTS Plaintiff's request for fees.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is GRANTED. This case is REMANDED to Monterey County Superior Court. Home Depot shall pay Plaintiff's removal-related fees of $4,050.

**IT IS SO ORDERED.**

Dated: January 28, 2025

Eumi K. Lee
United States District Judge